UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

CIVIL ACTION NO. 3:09CV-954-H

ELIZABETH ELLIOTT                                                                                        PLAINTIFF

v.

CVS PHARMACY *et al.*                                                                              DEFENDANTS

### MEMORANDUM OPINION

Plaintiff Elizabeth Elliott filed a *pro se*, *in forma pauperis* complaint against CVS Pharmacy and one of its employees, Dennis Wiggins. Plaintiff alleges that Defendant Wiggins gave her the wrong medication causing swelling of her throat and tongue and making it difficult for her to breathe and swallow. She contends that Defendant Wiggins tried to cover up his medication switch and committed a hate crime. She seeks damages in the amount of $1,000,000,000.

It is axiomatic that federal district courts are courts of limited jurisdiction, and their powers are enumerated in Article III of the Constitution. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994); *Hudson v. Coleman*, 347 F.3d 138, 141 (6th Cir. 2003) ("[I]t is well established that federal courts are courts of limited jurisdiction, possessing only that power authorized by the Constitution and statute."). "Jurisdiction defines the contours of the authority of courts to hear and decide cases, and, in so doing, it dictates the scope of the judiciary's influence." *Douglas v. E.G. Baldwin & Assoc. Inc.*, 150 F.3d 604, 606 (6th Cir. 1998). Moreover, federal courts have an independent duty to determine whether they have jurisdiction and to "police the boundaries of their own jurisdiction." *Douglas*, 150 F.3d at 607 (quoting *Ebrahimi v. City of Huntsville Bd. of Educ.*, 114 F.3d 162, 165 (11th Cir. 1997)). The party who

seeks to invoke a federal district court's jurisdiction bears the burden of establishing the court's authority to hear the case. *Kokkonen*, 511 U.S. at 377.

Under the federal-question statute, codified at 28 U.S.C. § 1331, "[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." Plaintiff, however, has not identified any specific federal statute entitling her to relief. To the extent that Plaintiff is attempting to hold Defendants liable for violating any federal hate crimes statutes, she does not have available to her a private cause of action. *Hastey v. Bush*, No. 5:03-CV-0088-C2003, 2003 WL 22289885, at *6 (N.D. Tex. Oct. 6, 2003) ("Plaintiff does not have available to him a private cause of action under any federal 'hate crimes' statutes."), *aff'd*, 100 F. App'x 319 (5th Cir. 2004). She, therefore, fails to invoke this Court's federal-question jurisdiction.

Plaintiff also fails to invoke jurisdiction under the diversity statute, which provides that "[t]he district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between— (1) citizens of different states;. . . ." 28 U.S.C. § 1332. While Plaintiff seeks well over the requisite amount in controversy, she fails to allege that she and Defendants are citizens of a state other than Kentucky, and she lists each party's address in the complaint as being in Louisville, Kentucky. As the parties are not diverse in citizenship, jurisdiction does not exist under the federal diversity statute. *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 373 (1978) ("[D]iversity jurisdiction does not exist unless each defendant is a citizen of a different State from each plaintiff.").

The Court recognizes that *pro se* pleadings are to be held to a less stringent standard than formal pleadings drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519 (1972). The duty to be less stringent with *pro se* complaints, however, "'does not require a court to conjure allegations on a litigant's behalf,'" *Martin v. Overton*, 391 F.3d 710, 714 (6th Cir. 2004) (quoting *Erwin v. Edwards*, 22 F. App'x 579, 580 (6th Cir. 2001)), and the Court is not required to create a claim for the *pro se* Plaintiff. *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975). To command otherwise would require the "courts to explore exhaustively all potential claims of a *pro se* plaintiff, [and] would also transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

The Court will enter a separate Order consistent with this Memorandum Opinion.

Date:

cc: Plaintiff, *pro se*
    Defendants
4412.005